**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KENNETH EADY and JULIE EADY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 3:17-CV-709-WKW** |
| **MEDICAL DEPOT, INC. d/b/a DRIVE DEVILBISS HEALTHCARE, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF AN ORDER ALLOWING ALTERNATIVE METHODS OF SERVICE ON DEFENDANT FORT METAL PLASTIC CO., LTD.**

COME NOW the Plaintiffs in the above-styled cause and, pursuant to Rule 4(f) of the *Federal Rules of Civil Procedure*, respectfully request the entry of an Order authorizing alternative service on Defendant Fort Metal Plastic Co., Ltd. (hereinafter, "Defendant Fort Metal"). Specifically, Plaintiffs request that the Court permit Defendant Fort Metal to be served via email, and for grounds would show as follows:

1. Defendant does not oppose the instant Motion.

2. The instant cause was filed on June 13, 2017, against the named Defendant, Medical Depot, Inc. d/b/a Drive DeVilbiss Healthcare.

3. On February 15, 2018, Defendant DeVilbiss provided discovery responses which disclosed the identity of the manufacturer of the forearm crutch at issue, Fort Metal Plastic Co., Ltd., a Chinese company.

4. Plaintiffs filed the Second Amended Complaint timely adding Fort Metal Plastic Co., Ltd. as a defendant on April 20, 2018.

5. Plaintiffs hired APS International/Civil Action Group, a legal support services company which specializes in international service of process to serve Defendant Fort Metal pursuant to the Hague Convention. APS International processed the service documents, including translating them to Mandarin Chinese, and sent the documents via international courier to the Ministry of Justice of China, the Central Authority for the People's Republic of China on May 21, 2018. The documents were received by the proper Chinese authorities on May 24, 2018.

6. It may take 12 to 18 months or longer from the date which the documents were received by the Ministry of Justice to be processed and submitted to the Supreme People's Court for service on Defendant, Fort Metal. APS International anticipates that service will take place sometime between May to November of 2019; however, the Hague Convention places no time constraints upon foreign governments with respect to how soon they must effect service.

7. Further, once service on Defendant Fort Metal is attempted by the local Chinese court, transmission of the proof of service or non-service may take 6-12 months.

8. It is anticipated that the service and proof of service or non-service may be completed sometime around June of 2020. Please see Attachment "A," the Affidavit of Judy Nunn of APS International/Civil Action Group.

9. To date, the Chinese authorities have not responded to a request for a status update APS International made in November of 2018.

10. Given the extended amount of time it will take to serve Defendant Fort Metal through the Hague Convention, Plaintiffs request that it be permitted to serve them through electronic mail, in accordance with Fed. R Civ. P. 4(f)(3).

11. Rule 4(f) provides that "[u]nless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served at a place not within any judicial district of the United States:…. (3) by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f).

12. Alternative service under Rule 4(f) is proper where the method of service is (1) not prohibited by international agreement, and (2) is reasonably calculated to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections. *See U.S. Commodity Futures*

*Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011); *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 927-28 (11th Cir. 2003).

13. Service via electronic mail is not prohibited by the laws of China, which is the country in which Defendant Fort Metal resides, and China is a signatory to the Hague Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention").

14. The Hague Service Convention does not preclude the alternative service that Plaintiffs request and email is not prohibited by the law of the country in which Defendant Fort Metal resides. *See Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 291 F.R.D. 172, 174 (S.D. Ohio 2013) (citing cases where court held service via email did not violate Hague Service Convention).

15. Numerous federal courts have authorized service by email under Fed. R. Civ. P. 4(f)(3). *See Toyo Tire*, 2016 WL 1251008 at *3 (authorizing service by email on Chinese defendants); *Collins v. Doe*, No. CIV.A. H-10-2882, 2010 WL 4954727, at *1 (S.D. Tex. Nov. 30, 2010) (collecting cases and holding that "[s]everal courts have applied provisions of Rule 4 of the Federal Rules of Civil Procedure to authorize email service when the record discloses diligent efforts by the plaintiff to obtain a physical address to effect traditional service, that the defendant does business on-line (particularly business related to the subject of the

suit), and that the defendant has recently communicated using the e-mail address the plaintiff proposes to use for service."); *Fraserside IP LLC v. Letyagin*, 280 F.R.D. 630 (N.D. Iowa 2012) (alternative service of process on foreign defendant through e-mail was warranted at e-mail addresses defendant used to communicate with plaintiff and at e-mail addresses of attorneys who represented defendant in pre-lawsuit negotiations); *WhosHere, Inc. v. Orun,* No. 1:13-CV-00526-AJT, 2014 WL 670817, at *4 (E.D. Va. Feb. 20,2014) ("The court finds that service of process through all four means of service, two email and two social networking accounts ostensibly belonging to defendant, comports with due process because it is reasonably calculated under the circumstances to provide defendant notice of this suit. Collectively, these four methods are highly likely to provide defendant notice of this litigation, because defendant himself provided plaintiff with these email contacts, and also referred plaintiff to the social networking profiles which appear to be regularly viewed and maintained by defendant."); *Tracfone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357 (S.D. Fla. 2015) (authorizing service via e-mail on an individual in Belize); *U.S. Commodity Futures Trading Com'n v. Aliaga*, 272 F.R.D. 617 (S.D. Fla. 2011) (allowing service via e-mail on Costa Rican defendants); *see also* 62B Am. Jur. 2d Process § 310 ("Service of process by e-mail may be proper upon a foreign defendant, even though the law of the foreign defendant's country does not allow service by email, where good cause existed to serve the defendant by

e-mail and there is no international agreement prohibiting such service; the court may authorize such service by email as long as it takes foreign law into consideration and limits the offense thereto.”).

16. Service via electronic mail is, without question, reasonably calculated to apprise Fort Metal Plastic Co., Ltd. of the pendency of this action and afford them an opportunity to respond.

17. Evidence discovered in this action confirms that electronic mail is the most effective and commonly used method of communication between Defendant Medical Depot and Fort Metal Plastic Co., Ltd., when transacting business related to the product at issue in this litigation. Indeed, Defendant’s corporate representative testified that he regularly communicates with Fort Metal Plastic Co., Ltd. via electronic mail when placing orders and/or making changes to orders placed with Fort Metal Plastic Co., Ltd.

18. Based on the information learned to date, including the deposition testimony of Jordan Marsh, the corporate representative of Medical Depot, Inc. d/b/a Drive DeVilbiss Healthcare, Defendant Fort Metal Plastic Co., Ltd. conducted business and communicated with Defendant Medical Depot by email. Please see Attachment “B,” the deposition of Jordan Marsh, p. 62 line 13 through p. 63 line 14, as set out below:

Q: If you would, describe for us the step-by-step –

the distribution chain for a forearm crutch produced in China until its sale in the United States.

A: Drive would issue a PO.

Q: Purchase order?

A: Correct. Purchase order. A supplier would accept that purchase order.

Q: Is the PO issued from here in Port Washington?

A: Yes.

Q: And that's transmitted by these days by e-mail; is that right?

A: Yes.

Q: Go ahead. Just walk it through.

A: The supplier will provide a PI, which is a return confirmation for accepting the order.

Q: What does PI stand for?

A: I don't remember. I haven't been in purchasing for a while.

Q: But basically it's a confirmation?

A: An acknowledgment. Confirmation, exactly.

Therefore, it is apparent that Defendant Fort Metal Plastic Co., Ltd. regularly receives and e-mails and conducts business thru e-mail.

19. It is highly likely that Defendant Fort Metal Plastic Co., Ltd. will receive the lawsuit should it be sent by e-mail.

WHEREFORE, premises considered, Plaintiffs respectfully request that this Court grant this motion and allow alternative service on Fort Metal Plastic Co., Ltd. via electronic mail.

Respectfully submitted on this the 28th day of January, 2019.

*/s/ Randall S. Haynes*
RANDALL S. HAYNES
***(ASB-2865-A52R)***
TAYLOR A. PHARR
***(ASB-8611-D84S)***
Attorneys for Plaintiffs

OF COUNSEL:
MORRIS HAYNES LAW FIRM
Post Office Box 1660
Alexander City, Alabama
Telephone: 256-329-2000
Facsimile: 256-329-2015
Email: rhaynes@mhhlaw.net
Email: tpharr@mhhlaw.net

**CERTIFICATE OF SERVICE**

I certify that I have on this the 28th day of January, 2019, served a copy of the foregoing upon all counsel of record as follows:

Sara M. Turner, Esq.
Austin K. Smith, Esq.
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC
420 Wells Fargo Tower, Ste. 1400
Birmingham, Alabama 35203

*/s/Randall S. Haynes*
OF COUNSEL