IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KENNETH and JULIE EADY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. Act. No: 3:17-cv-709-ECM |
| ) | (WO) |
| MEDICAL DEPOT, INC. d/b/a/ ) | |
| DRIVE DEVILBISS HEALTHCARE, ) | |
| ) | |
| Defendant. ) | |

**OPINION and ORDER**

Now pending before the court is the plaintiffs' unopposed motion for entry of an order allowing an alternative method of service on Fort Metal Plastic Co., Ltd. ("Fort Metal Plastic Co.") filed on January 28, 2019. (Doc. 65).

This action was filed on June 13, 2017, against Defendant Medical Depot, Inc. d/b/a Drive DeVilbiss Healthcare in the Northern District of Alabama (doc. 1). On September 19, 2017, the Plaintiffs filed an amended complaint against that Defendant. (Doc. 16). On October 19, 2017, the case was transferred from the Northern District of Alabama to this Court. (Doc. 24).

On April 20, 2018, the Plaintiffs filed a second amended complaint, adding Fort Metal Plastic Co. as a defendant. (Doc. 49). Fort Metal Plastic Co. is a foreign company located in China. In an effort to serve Fort Metal Plastic Co., the Plaintiffs hired APS International/Civil Action Group ("APS International") to effect service of process on Fort Metal Plastic Co. pursuant to the Hague Convention. APS International processed the

service documents, translated them into Mandarin Chinese, and forwarded the documents to the Ministry of Justice of China, the Central Authority for the People's Republic of China. The documents were received by the Chinese authorities on May 24, 2018. APS International sent a second letter to the Ministry of Justice of the People's Republic of China on February 1, 2019. As of late March 2019, APS International had not received a response to either letter. The Plaintiffs anticipate that service of process and proof of service or non-service may not be completed until June 2020. Consequently, they seek permission to serve Defendant Fort Metal Plastic Co. by electronic mail in accordance with FED.R.CIV.P. 4(f)(3).

## DISCUSSION

Rule 4(h)(2) of the Federal Rules of Civil Procedure governs service of process on a foreign corporation "not within any judicial district of the United States." The rule provides that the corporation may be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FED.R.CIV.P. 4(h)(2). Rule 4(f) permits service of an individual in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudical Documents;" or "by any other means not prohibited by international agreement, as the court orders." FED.R.CIV.P. 4(f)(1) and (3). Consequently, service on the foreign defendant may by accomplished by alternative means pursuant to Rule 4(f)(3) provided that the court orders service that is not prohibited by an international agreement. *See*

*Tiffany (NJ) LLC v. DORAPANG Franchise Store*, 2018 WL 4828430 (S.D. Fla. 2018); *North Face Apparel Corp. v. 4usedtrailers.com*, 2018 WL 4844250 (S.D. Fla. 2018).

Defendant Fort Metal Plastic Co. is located in China, and service by electronic means is not prohibited by international agreement in this case. The United States and China are both signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudical Documents[1] ("the Hague Convention") and the Hague Convention does not preclude alternative methods of service including electronic mail. *See North Face Apparel Corp.*, *supra*; *Tiffany (NJ) LLC, supra*; *Toyo Tire & Rubber Co. Ltd., v. CIA Wheel Group*, 2016 WL 1251008 (C.D. Cal. 2016). Thus, the Plaintiffs have established that service by email is not prohibited by international agreement.

The Court now determines whether "service by email is reasonably calculated to provide actual notice to the defendant[]." *Toyo Tire & Rubber Co. Ltd.*, 2016 WL 1251008 at *2. Defendant Medical Depot's corporate representative testified in deposition that Defendant Medical Depot regularly conducted business and communicated with Fort Metal Plastic Co. by electronic mail. (Doc. 65-2).

For the reasons as stated, the Court is reasonably satisfied that service upon Fort Metal Plastic Co. by electronic mail, under the particular circumstances of this case, is "reasonably calculated" to give Fort Metal Plastic Co. notice of the pendency of this action and to provide it with an opportunity to object. *See Chanel, Inc. v. Zhixian*, 2010 WL 1740695, *3 (S.D. Fla. 2010) ("Constitutional due process requires only that service of

---

[1] *See* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 and https://www.hcch.net/en/states/hcch-members (last visited Apr. 29, 2019).

process provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

## CONCLUSION

Accordingly, it is

ORDERED that the Plaintiffs' unopposed motion (doc. 65) be and is hereby GRANTED, and the Plaintiffs shall serve the Summons, Second Amended Complaint, and all future filings in this matter, including Court Orders, upon Defendant Fort Metal Plastic Co. via the email address provided by Defendant Medical Depot as the email by which Medical Depot communicates with Fort Metal Plastics Co.

DONE this 3rd day of May, 2019.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE