IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH EADY and JULIE EADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 3:17CV709-ECM |
| | ) | |
| MEDICAL DEPOT, INC. d/b/a DRIVE DEVILBISS HEALTHCARE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now before the Court is a motion for default judgment filed by Plaintiffs Kenneth Eady and Julie Eady on December 31, 2019. (Doc. 77).

On June 13, 2017, the Plaintiffs filed suit against Medical Depot, Inc. d/b/a Drive DeVilbiss Healthcare. (Doc. 1). A second amended complaint was filed adding Fort Metal Plastic Co., Ltd. as a Defendant on April 20, 2018. (Doc. 49). The Second Amended Complaint pleads claims against both Defendants in each count, including claims under the Alabama Extended Manufacturers' Liability Doctrine (count I), for negligence and/or wantonness (count II), for breach of warranty (count III), and for loss of consortium (count IV).

Fort Metal Plastic Co., Ltd. failed to file an answer or otherwise appear in this lawsuit within the time limits set forth in the Federal Rules of Civil Procedure.

Accordingly, on December 6, 2019, the Clerk entered a default against Fort Metal Plastic Co., Ltd. (Doc. 76). On December 31, 2019, the Plaintiffs filed the instant motion requesting that judgment be entered in their favor against Fort Metal Plastic Co., Ltd. and that a damages hearing be set. (Doc. 77).

## II. JURISDICTION and VENUE

This Court possesses subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, there being complete diversity of citizenship and more than $75,000 in controversy. Personal jurisdiction and venue are uncontested.

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Once a default has been entered, "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu v. Const. Co., Ltd. V. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, "[w]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015).

## IV.　DISCUSSION

When a case involves multiple defendants, a court may determine that it should not enter default judgment against any one defendant unless and until the court enters judgment against the others. *Gulf Coast Fans v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (holding that when defendants are potentially jointly liable or even just similarly situated, "judgment should not be entered against a defaulting party if the other defendant prevails on the merits."); *see also Carn as Tr. of SpecAlloy Corp. v. Peluso*, 2019 WL 4553105, at *1 (M.D. Ala. 2019). Courts are reluctant to enter default against only some defendants "given the possibility that the defaulting defendants and non-defaulting defendants are similarly situated or, potentially, jointly liable." *Will-Burn Recording & Pub. Co. v. Universal Music Grp. Records*, 2009 WL 211082, at *2 (S.D. Ala. 2009). In this case, all of the claims are asserted against both Defendants in each count of the second amended complaint. Defendant Medical Depot, Inc. filed an answer (doc. 51) and the Plaintiffs are proceeding on their claims against that Defendant. The Court finds, therefore, that the motion for default judgment is due to be DENIED without prejudice to being refiled at the appropriate time. *See Carn as Tr. Of SpecAloy Corp.*, 2019 WL 4553105, at *1.

## V.　CONCLUSION

Accordingly, it is ORDERED that the Plaintiffs' Motion for Default Judgment (doc. 77) is DENIED without prejudice.

DONE this 10th day of January, 2020.

                /s/ Emily C. Marks
                EMILY C. MARKS
                CHIEF UNITED STATES DISTRICT JUDGE