IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH EADY and JULIE EADY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 3:17cv709-ECM |
| ) | (WO) |
| FORT METAL PLASTIC CO., LTD., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

This case comes before the Court on a Motion for Default Judgment against Fort Metal Plastic Co., Ltd. ("Fort Metal Plastic"), filed by the Plaintiffs on July 31, 2020. (Doc. 92).

## I.  INTRODUCTION

Plaintiffs Kenneth Eady and Julie Eady filed this action on June, 13, 2017, initially bringing claims only against Medical Depot, Inc. ("Medical Depot"). The Plaintiffs subsequently filed an amended complaint and a second amended complaint. The second amended complaint added Fort Metal Plastic as a Defendant. (Doc. 49). In the second amended complaint, the Plaintiffs asserted claims against both Defendants for violation of the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), negligence and/or wantonness, breach of warranty, and loss of consortium.

Fort Metal Plastic failed to answer the second amended complaint, and the Clerk of the Court entered default as to that Defendant. (Doc. 76). This Court denied, without prejudice to refiling, a motion for default judgment in light of the pending claims against

Medical Depot. (Doc. 78). The Plaintiffs and Medical Depot subsequently filed a joint stipulation of *pro tanto* settlement, and the claims against Medical Depot were dismissed. (Doc. 87, 88). The Plaintiffs have now filed a new motion for default judgment against Fort Metal Plastic.

After careful consideration, the Court concludes that motion for default judgment is due to be GRANTED in part and DENIED in part.

## II. JURISDICTION AND VENUE

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested.

## III. STANDARD OF REVIEW

Federal Rules of Civil Procedure 55 governs the procedure for obtaining a default judgment. An entry of default must precede an entry of a default judgment. *See* FED.R.CIV.P. 55. When a defendant "has failed to plead or otherwise defend," and the plaintiff demonstrates that failure, the clerk must enter the defendant's default. FED.R.CIV.P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." FED.R.CIV.P. 55(b)(2). The court may but is not required to hold a hearing before entering a default judgment. "Given its permissive language, Rule 55(b)(2) does not require a damages hearing in every case." *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015).

"When a defendant defaults, he "admits the plaintiff's well-pleaded allegations of fact." *Id*. (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.,* 780 F.3d 1101, 1106 (11th Cir. 2015) (quotation marks omitted)).

2

## IV.  FACTS

The following facts are taken from the second amended complaint (doc. 49).

In January of 2016, Kenneth Eady was prescribed, and he purchased, a forearm crutch to assist with his mobility. (Doc. 49 ¶10). The forearm crutch was a *drive*™ forearm crutch, item #10403, in new condition. (*Id.*). Fort Metal Plastic manufactured or had the forearm crutch fabricated according to specifications and plans, and further designed the forearm crutch. (*Id.* ¶4). On or about October 26, 2016, while Kenneth Eady was using the forearm crutch at home, it buckled and broke in two, causing him to fall to the ground, injuring his left leg, and causing pain to his hips, left leg, back, neck, and left shoulder. (*Id.* ¶11).  At the time, Kenneth Eady weighed 175 pounds, which was well within the 300-pound weight limit in the listed specifications of the forearm crutch. (*Id.* ¶14). Kenneth Eady previously had used leg and foot braces for bilateral foot drop and suffered a spinal cord injury as a result of a fall. (*Id.* ¶11). Over the years, Kenneth Eady had regained enough control of his legs and strength in his upper body to ambulate with the use of forearm crutches. (*Id.* ¶12). Due to the failure of the forearm crutch, however, Kenneth Eady has now completely lost the use of his left leg. (*Id.*).

## V.  DISCUSSION

In the Eleventh Circuit there is a "strong policy of determining cases on their merits and [courts] therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985).

Rule 55 of the Federal Rules of Civil Procedure provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Although modern courts do not favor default judgments, they are appropriate when the adversary process has been halted because of an unresponsive party. *Flynn v. Angelucci Bros. & Sons, Inc.,* 448 F. Supp. 2d 193, 195 (D.D.C. 2006) (citation omitted). Where, as here, a defendant has failed to respond to or otherwise acknowledge the pendency of a lawsuit against it after being served, entry of default judgment may be appropriate. *Hickman v. Am. Specialty Alloys, Inc.*, 2020 WL 5121350, at *4 (M.D. Ala. 2020).

"The law is clear, however, that a defendant's failure to appear and the Clerk's subsequent entry of default against him do not automatically entitle the plaintiff to a default judgment." *Id.* A default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.,* 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("The defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("A default judgment cannot stand on a complaint that fails to state a claim.").

"The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.,* 2009 WL 4349806 at *2

(M.D. Fla. 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009)). In deciding whether the allegations in the complaint are well pleaded, the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotations omitted). Instead, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* This Court now turns to the allegations in the claims in each of the counts of the second amended complaint.

## A. AEMLD

Under the AEMLD, conduct by "a manufacturer, or supplier, or seller, who markets a product not reasonably safe when applied to its intended use in the usual and customary manner, constitutes negligence as a matter of law." *Casrell v. Altec Indus., Inc.*, 335 So. 2d 128, 132 (Ala. 1976). Under Alabama law, as "long as there is a causal relationship between the defendant's conduct and the defective product, he is held liable because he has created an unreasonable risk of harm." *Id.* The burden is on the plaintiff to prove that his injuries and damages are the proximate result of the defective condition of the product. 2 Ala. Pattern Jury Instr. Civ. 32.11 (3d ed. 2019).

The Plaintiffs have alleged that Fort Metal Plastic manufactured, or had fabricated according to specifications and plans, the forearm crutch. (Doc. 49 ¶4). The Plaintiffs further allege that at the time of Kenneth Eady's injury, the forearm crutch was in substantially the same condition as when it was manufactured and was used in an ordinary manner within the weight specifications of the forearm crutch. (*Id.* ¶14). The Plaintiffs

5

allege that the forearm crutch broke in two, causing Kenneth Eady to fall to the ground, and injuring him. (*Id.* ¶11). The second amended complaint further states that the forearm crutch was defective as a result of manufacturing deficiencies or defective for another reason such as improper assembly. (*Id.* ¶14).

The Court notes that within the AEMLD claim, the second amended complaint alleges that the wrongful actions by Medical Depot were a proximate cause of the Plaintiffs' injuries for which the Defendants are liable. (Doc. 49 ¶15). That allegation, however, is not inconsistent with other allegations of fact regarding Fort Metal Plastic's conduct which are contained throughout the second amended complaint, including the allegation that as a "proximate consequence" of the Defendants' negligence and/or wantonness the Plaintiffs were caused to suffer serious injuries. (Doc. 49 ¶20).

Upon consideration of the factual allegations of the entire complaint, deemed admitted by the default, the Court finds that there are sufficient allegations to establish that Fort Metal Plastic marketed a product not reasonably safe when applied to its intended use in the usual and customary manner and created an unreasonable risk of harm that was causally connected to Kenneth Eady's injuries. *Casrell*, 335 So. at 132. Thus, the Court concludes, as a matter of law, that Fort Metal Plastic is liable for a violation of the AEMLD.

As to this claim, the Plaintiffs seek both compensatory and punitive damages. Under Alabama law, there must be sufficient evidence to support a finding of wantonness for an award of punitive damages under the AEMLD. *See Mazda Motor Corp. v. Hurst*, 261 So. 3d 167, 195 (Ala. 2017)(noting that plaintiff sought punitive damages under her AEMLD claim "based only on the ground of wantonness (there being no assertion of any

6

of the other three grounds for punitive damages (fraud, oppression, and bad faith) prescribed by Ala. Code 1975, § 6–11–20(a))"). For reasons to be discussed below, this Court cannot conclude that the second amended complaint contains adequate factual allegations to support a claim of wantonness; therefore, punitive damages based on wantonness under the AEMLD are disallowed. *See id.* (stating that "[b]ecause there was not 'substantial evidence' of wantonness so as to support the jury's verdict of liability under the applicable 'preponderance of the evidence' standard on Sydney's separate wantonness claim, *a fortiori*, we must recognize that there was not sufficient evidence to support a finding of wantonness under the 'clear and convincing evidence' standard required for an award of punitive damages to Sydney under her AEMLD claim.").

## B. *Negligence and/or Wantonness*

The Plaintiffs have pleaded claims for both negligence and wantonness within the same count of the second amended complaint. A negligence theory against a manufacturer requires proof of "(1) duty, (2) breach of duty, (3) proximate cause, and (4) injury." *Yamaha Motor Co. v. Thornton*, 579 So.2d 619, 623 (Ala. 1991).

In this case, the Plaintiffs have alleged that Fort Metal Plastic negligently acted with regard to the forearm crutch and as a result of its negligent conduct, Kenneth Eady suffered serious injuries. (Doc. 49 ¶17). The Plaintiffs also have alleged that the product did not perform as intended. (Doc. 49 ¶19). After consideration of the factual allegations, deemed admitted by the default, the Court finds that there are sufficient allegations to establish that Fort Metal Plastic breached a duty, causing injury. *See Taylor v. StrongBuilt, Inc.*, 2011 WL 4435601, at *8 (S.D. Ala. Sept. 23, 2011)(entering default judgment on negligence

claim based on allegations and evidence that the defendant breached a duty to provide a reasonably safe product that performed in the manner intended and was negligent).

The Court reaches a different conclusion with respect to the Plaintiffs' wantonness claim, however. Wantonness is "not merely a higher degree of culpability than negligence." *Ex parte Essary*, 992 So.2d 5, 9 (Ala. 2007). Instead, wantonness is "the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Id.* Under Alabama law, wantonness is "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." *Crouch v. N. Alabama Sand & Gravel, LLC*, 177 So. 3d 200, 207 (Ala. 2015).

In this case, there is a default, which is an admission of the facts alleged in the second amended complaint, but to establish liability, the admitted facts must be sufficient to state a claim of wantonness on the part of Fort Metal Plastic. *See Pitts ex rel. Pitts,* 321 F. Supp. 2d at 1357. Upon review of the second amended complaint, there is no allegation of fact that Fort Metal Plastic was aware of existing conditions related to the forearm crutch which would likely or probably result in injury to the user. *See Taylor,* 2011 WL 4435601, at *8. Therefore, there are no facts from which to conclude that Fort Metal Plastic acted with reckless or conscious disregard of the rights or safety of others. *Crouch*, 177 So. 3d at 207. Because liability for wantonness is not established, the claim for punitive damages is disallowed. *See Taylor,* 2011 WL 4435601, at *8.

*C. Breach of Warranty*

The Plaintiffs have a single breach of warranty count which includes both express and implied warranty claims. Because the factual allegations of the second amended complaint include allegations that both Defendants designed, assembled, manufactured, sold and/or distributed the forearm crutch (doc. 49 ¶10), the second amended complaint brings the implied and express warranty claims against both Defendants.

The basis of an express warranty claim is that "the goods did not conform to the warranty." *Ex parte Miller*, 693 So.2d 1372, 1377 (Ala. 1997). Under Alabama law, a plaintiff is not required, as a condition to recovering for breach of the express warranty, to submit the product for repair after it would have been futile to do so. *Id.* at 1379. The second amended complaint alleges that Fort Metal Plastic manufactured or had the forearm crutch manufactured, which would support an express warranty claim against Fort Metal Plastic as a manufacturer (doc. 49 ¶4). *See Wellcraft Marine, a Div. of Genmar Indus., Inc. v. Zarzour*, 577 So. 2d 414, 419 (Ala. 1990) (stating that express warranties are made by a manufacturer and the commercial code's implied warranty sections apply to the seller of the product). The second amended complaint also alleges that a weight specification of 300 pounds was listed on the forearm crutch and states that that Kenneth Eady's weight was within that specification, but the forearm crutch still failed. (Doc. 49 at ¶14).

To the extent that Fort Metal Plastic is also alleged to be a seller of the forearm crutch, to make out a claim for breach of an implied warranty, a plaintiff must show proof of (1) the existence of the implied warranty; (2) breach of that warranty; and (3) damages proximately resulting therefrom. *Chase v. Kawasaki Motors Corp., U.S.A.,* 140 F. Supp.

9

2d 1280, 1288 (M.D. Ala. 2001). For goods to be merchantable under Alabama law they must be "fit for the ordinary purposes for which such goods are used." *Id.*

The Court concludes that the allegations of the second amended complaint, admitted by reason of default, establish that the forearm crutch was warranted as reasonably fit and suitable for the purposes for which it was intended to be used, that the warranty was breached, and the Plaintiffs suffered damages as a proximate result. *See Taylor*, 2011 WL 4435601, at *6 (entering default judgment where a fixed deer stand failed to perform its intended purpose, to hold weight less than two hundred and fifty pounds, and was not merchantable, and that failure proximately caused the injuries).

Accordingly, the compensatory damages sought as a result of the breach of warranty count (doc. 49 at 6), will be evaluated at an evidentiary hearing. *See Hickman*, 2020 WL 5121350, at *6 (citing FED. R. CIV. P. 55(b)(2)(B) ("The court may conduct hearings ... when, to enter or effectuate judgment, it needs to ... determine the amount of damages.")

*D. Loss of Consortium*

A claim for loss of consortium is a derivative claim. *Ex parte N.P.*, 676 So. 2d 928, 930 (Ala. 1996). A spouse claiming loss of consortium must prove damage to his or her marital interest resulting from the underlying wrongful act. *Id.* In this case, the Plaintiffs have alleged that as a result of injuries to her husband, Julie Eady has lost the consortium, support, services, companionship, and affection of her husband. (Doc. 49 ¶22). These facts are sufficient to establish a loss of consortium as a matter of law. *See Taylor*, 2011 WL 4435601, at *9 (entering default judgment on a loss of consortium claim where the plaintiff's spouse could no longer participate in social and family activities and there was

interference with their personal relationship). As noted above, however, the facts deemed admitted by default do not include any facts of wanton conduct by Fort Metal Plastic so as to support a punitive damages award. Therefore, the case will be set for an evidentiary hearing on the amount of compensatory damages for loss of consortium, but punitive damages are not allowed on this claim. *Cf. Butcher v. Robertshaw Controls Co.*, 550 F. Supp. 692, 706 (D. Md. 1981)(applying Maryland law and concluding that a claim for punitive damages as part of a claim for loss of consortium may be maintained where plaintiffs have alleged wanton conduct that would give rise to punitive damages).

## VI. CONCLUSION

For the reasons discussed above, it is ORDERED that the Plaintiffs' Motion for Default Judgment against Fort Metal Plastic Co., Ltd. (doc. 92) is GRANTED in part and DENIED in part as follows:

(1)  the motion is GRANTED as to the AEMLD claim in Count I; the negligence claim in Count II; the claim for breach of warranty in Count III; and the loss of consortium claim in Count IV, on claims for compensatory damages.

(2)  the motion is DENIED as to the wantonness claim in Count II and all other claims for punitive damages.

Further, it is

ORDERED that an evidentiary hearing is set on **October 29, 2020** at **10:00 a.m**. in Courtroom 2F of the Frank M. Johnson, Jr. Courthouse Complex, One Church Street,

concerning Kenneth Eady's compensatory damages for his injuries and Julie Eady's compensatory damages for her loss of consortium.

At the evidentiary hearing, counsel is DIRECTED to be prepared to address the effect, if any, of the *pro tanto* settlement in this case on the damages to be awarded against Fort Metal Plastic.

DONE this 8th day of September, 2020.

                    /s/ Emily C. Marks
                    EMILY C. MARKS
                    CHIEF UNITED STATES DISTRICT JUDGE