IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH EADY and JULIE EADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 2:17cv709-ECM |
| | ) | (WO) |
| FORT METAL PLASTIC CO., LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On September 9, 2020, this Court entered a Memorandum Opinion and Order denying in part a motion for default judgment against Fort Metal Plastic Co., Ltd. ("Fort Metal Plastic"), and granting the motion for default judgment as to Kenneth Eady's Alabama Extended Manufacturer's Liability Doctrine (AEMLD) claim in Count I of the amended complaint; negligence claim in Count II; breach of warranty claim in Count III; and Julie Eady's loss of consortium claim in Count IV. (Doc. 93). The Court then set the case for an evidentiary hearing on the issue of the amount of damages as to which the Eadys are entitled, which was continued multiple times due to COVID-19-required restrictions. Because COVID-19 has continued to present obstacles to conducting a hearing, and because evidence can be submitted to the Court on a motion for default judgment without a hearing, the Court ordered the Plaintiffs to submit evidence in support of their default judgment. (Doc. 98). The Plaintiffs timely filed their evidentiary submissions and the Court finds a hearing to be unnecessary.

In accordance with the prior orders of the Court, and upon consideration of the evidence presented on damages, and the record as a whole, the Court finds that the Plaintiffs are entitled to compensatory damages in the amounts sought in their request for Kenneth Eady's Alabama Extended Manufacturer's Liability Doctrine (AEMLD) claim in Count I of the amended complaint; negligence claim in Count II; breach of warranty claim in Count III; and Julie Eady's loss of consortium claim in Count IV.

## I.  STANDARD OF REVIEW

Federal Rules of Civil Procedure 55 governs the procedure for obtaining a default judgment. When a defendant "has failed to plead or otherwise defend," and the plaintiff demonstrates that failure, the clerk must enter the defendant's default. FED.R.CIV.P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." FED.R.CIV.P. 55(b)(2).

Pursuant to Federal Rule of Civil Procedure 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." If the record is sufficient, a district court may determine damages without a hearing. *See Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543–44 (11th Cir.1985). When assessing damages, a district court must "assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007).

## II.  FACTS

Plaintiff Kenneth Eady is currently seventy-four years old.  In January of 2016, Kenneth Eady was prescribed, and he purchased, a forearm crutch to assist with his mobility.  (Doc. 49 ¶10).  The forearm crutch was a *drive*™ forearm crutch, item #10403, in new condition.  (*Id.*).  In October of 2016, the forearm crutch broke, causing Kenneth Eady to fall on to a ramp at his home, injuring his left leg, left hip, back, neck, and left shoulder. (Doc. 101-16 ¶5).  Since that fall, Kenneth Eady has been completely confined to a wheelchair and unable to care for himself. (*Id.* ¶9).  He relies on his wife, Julie Eady. (*Id.* ¶11).  He suffers constant discomfort and at times from sharp pain. (*Id.* ¶13).  Kenneth Eady takes multiple medications, including pain medications, and sees Dr. Richard Maughon, among other doctors, for management of his chronic low back pain. (*Id.* ¶7). The confinement to a wheelchair presents a loss in his quality of life. (Doc. 101-8).

Dr. Michael Daniels prepared an expert report, based on a certified Life Planner's report, in which he offers the opinion that if Kenneth Eady receives care at home, his future economic damages will be a minimum of $580,000 and a maximum of $1,059l,541, and if Kenneth Eady is placed in a facility, his future economic damages will cost a minimum of $1,044,770 and a maximum of $1,270,733.  Julie Eady has presented an affidavit detailing the loss of help around the home as a result of her husband's injury, and the additional burdens placed on her by full-time care of Kenneth Eady.

Kenneth and Julie Eady brought suit against, and settled with, the retailer of the forearm crutch, Medical Depot, Inc., for $150,000 on March 18, 2020. (Doc. 101-3). The Eadys now seek $1,500,000.00 on behalf of Kenneth Eady and $500,000 on behalf of Julie Eady. The Eadys acknowledge that any judgment entered by the Court is to be offset by the $150,000 pro tanto settlement with Medical Depot, Inc. (Doc. 101-1 at 3).

### III. DISCUSSION

In the previous Memorandum Opinion and Order on the motion for default judgment, the Court found that the Eadys have established, by virtue of the Defendant's default, that Kenneth Eady's injuries and damages are the proximate result of the following: the defective condition of a product under the AEMLD, *see* 2 Ala. Pattern Jury Instr. Civ. 32.11 (3d ed. 2019); negligence by Fort Metal Plastic, *see Yamaha Motor Co. v. Thornton*, 579 So.2d 619, 623 (Ala. 1991); and a breach of warranty, *see Taylor v. Strongbuilt Internat'l*, 2011 WL 4435601, at *6 (S.D. Ala. 2011). Kenneth Eady seeks compensatory damages for present and future physical pain, mental anguish, and emotional distress and for future medical and care expenses. *See, e.g., White Consol. Indus., Inc. v. Wilkerson*, 737 So. 2d 447, 449 (Ala. 1999) (acknowledging in an AEMLD case that a plaintiff can recover for emotional injury if he sustains a physical injury as a result of a defendant's negligent conduct).

In support of their claims for compensatory damages, the Eadys have presented affidavits, medical records, communications from physicians, a Life Care Plan, an Expert Economic Report, and medical invoices. (Doc. 101-2). Kenneth Eady presents evidence that at the time the forearm crutch failed, he was active and mobile, but now he is in

constant chronic pain and confined to a wheelchair. Kenneth Eady states in an affidavit that he does not sleep well, he worries about the future, and gets depressed. (Doc. 101-16 ¶12). Because he feels better, and he requires less of Julie Eady, when he is lying down, he spends a large portion of his day lying down, which takes an emotional toll on him. (*Id.* ¶11). He also presents evidence from Dr. Robinson who states that he has known Kenneth Eady for 20 years and that before his fall Kenneth Eady was highly active in his church and his community, but now, because Kenneth Eady will be completely dependent on the wheelchair for the rest of his life, he does not have the same overall well-being quality of life. (Doc. 101-8).

The Life Care Plan, prepared by Debra Berens, Ph.D., lists the anticipated future care needs and costs associated with Kenneth Eady's fall. (Doc. 101-10). The Expert Report of Michael Daniels analyzes the Life Care Plan to provide estimates of future care expenses, reduce to present day cash value. (Doc. 101-11). The report provides two options: one based on an assumption that Kenneth Eady would remain at home and one based on an assumption that Kenneth Eady would be placed in a facility. The Court has only been presented evidence that Kenneth Eady lives at home and has not been presented with sufficient evidence to support the assumption that Kenneth Eady will be placed in a facility, however, so the Court has only considered the evidence relevant to the home-care option.

Upon review of Kenneth Eady's extensive evidentiary submission, the Court finds that amount requested by Kenneth Eady in compensatory damages is reasonable compensation for Kenneth Eady's current and future physical pain, mental anguish, and

emotional distress, and future expenses, and that there is legitimate basis for that damage award. *See Anheuser Busch, Inc*, 317 F.3d at 1266.

Julie Eady's claim for loss of consortium is a derivative claim. *Ex parte N.P.*, 676 So. 2d 928, 930 (Ala. 1996). A spouse claiming loss of consortium must prove damage to her marital interest resulting from the underlying wrongful act. *Id.* "Consortium includes love, companionship, affection, society, comfort, solace, support, ... and services." *Id.* at 931 n.3.

In support of her claim for compensatory damages for loss of consortium, Julie Eady provides an affidavit in which she states that she now has a constant role in caring for Kenneth Eady's physical needs, and that although a motorized wheelchair has provided some degree of independence, Kenneth Eady is not able to move around as he used to, which has taken an emotional toll. (Doc. 101-17). She also states that she and Kenneth Eady used to divide chores, but now Julie Eady has full responsibility for the two of them, including yard upkeep. (*Id.* ¶ ). She also does most of the driving, but the difficulty presented by loading the wheelchair into their vehicle means that they have not made their yearly trip to visit her family. (Doc. 101-17).

The Court finds that there is legitimate basis for a damage award for loss of consortium. *See Harris v. Augusta, Ga.*, 2010 WL 1286205, at *7 (S.D. Ga. 2010) (relying on affidavit evidence as to spouse's loss of support). The Court further finds the amount sought by the Eadys to be reasonable and will award Julie Eady $500,000 to compensate for her loss of consortium.

## IV. CONCLUSION

For the reasons discussed above, it is ORDERED that Kenneth Eady is awarded $1,500,00.00 in compensatory damages for the default judgment on his AEMLD, negligence, and breach of warranty claims and Julie Eady is awarded $500,000.00 in compensatory damages for loss of consortium.

The Clerk of Court is DIRECTED to mail this Memorandum Opinion and Order and the Final Judgment to the address reflected on docket for Ford Metal Plastic Co Ltd.

A final judgment will be entered in accordance with the Court's Orders.

DONE this 27th day of January, 2021.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE